IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JERRI PLUMMER**                                                                                    **PLAINTIFF**

V.                              CASE NO. 4:18-cv-00063-JM

RHETT MCSWEENEY; DAVID LANGEVIN;
MCSWEENEY LANGEVIN, LLC; WHITNEY
SHOEMAKER, DO; WOMEN'S HEALTH AND
SURGERY CENTER, LLC; PLAINTIFF FUNDING
HOLDING INC., D/B/A LAWCASH; VINCENT
CHHABRA; MICHAEL CHHABRA; LAW FIRM
HEADQUARTERS, LLC; SURGICAL ASSISTANCE,
INC.; WESLEY BLAKE BARBER; KASIA OSADZINSKA,
MD; and BOSTON SCIENTIFIC CORPORATION;
ALPHA LAW, LLP; and RICHARD MARTINDALE;
JOHN DOES 1-99                                                                                    **DEFENDANTS**

### SEPARATE DEFENDANT DR. SHOEMAKER'S
### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Separate Defendant Dr. Whitney Shoemaker, D.O. ("Dr. Shoemaker"), through her attorneys Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for her Motion to Dismiss for Lack of Personal Jurisdiction states:

1.      Dr. Shoemaker is an Ob/Gyn physician.

2.      Dr. Shoemaker is a resident of Florida.  The Plaintiff is a resident of Arkansas.

3.      Dr. Shoemaker performed a vaginal mesh removal procedure on the Plaintiff in December, 2014.  The procedure took place in Florida.

4.      Dr. Shoemaker is one of several Defendants in this case allegedly engaged in a broad, conspiratorial scheme revolving around the Plaintiff's vaginal mesh removal surgery.  The specific causes of action alleged against Dr. Shoemaker include constructive fraud, breach of

fiduciary duty, deceptive trade practices, medical negligence, unjust enrichment and civil conspiracy.

5. Dr. Shoemaker filed an Answer denying generally and specifically all claims against her. Dr. Shoemaker specifically denies any involvement in the conspiracy alleged by the Plaintiff.

6. However, Plaintiff's claims against Dr. Shoemaker are subject to dismissal for a different and more fundamental reason – lack of personal jurisdiction.

7. First, Dr. Shoemaker does not have minimum contacts with Arkansas sufficient to satisfy the requirements of due process. Dr. Shoemaker merely performed a surgical procedure on an Arkansas patient in Florida. Even assuming all of the Plaintiff's causes of action are true, as the Court must in a Rule 12 posture, the alleged fraud, breach of fiduciary duty, deceptive trade practices, medical negligence, unjust enrichment and conspiracy all occurred in Florida. The Plaintiff alleges no other contacts Dr. Shoemaker had with the state of Arkansas and, in fact, decries the minimal contact the Plaintiff had with Dr. Shoemaker in the form of a brief conversation in the operating room immediately prior to the surgery. This also occurred in Florida.

8. Second, this Court cannot extend personal jurisdiction over Dr. Shoemaker in accordance with Arkansas' long-arm statute, which simply extends personal jurisdiction to the maximum extent permitted by due process. Ark. Code Ann. §16-4-101 (2010 Repl.). The nature, quality and quantity of Dr. Shoemaker's contacts are either non-existent or of such character that they cannot meet the test for minimum contacts under due process. All the alleged civil wrongs took place in Florida. Any damages suffered by the Plaintiff were felt in Florida. Dr. Shoemaker is not licensed in Arkansas and has never practiced medicine there. Dr. Shoemaker does not advertise her services in Arkansas. She has never conducted business of any kind in Arkansas. In

fact, Dr. Shoemaker has never even been to Arkansas. There is no suggestion that Dr. Shoemaker and the Plaintiff traded telephone calls, emails or other forms of communication prior to the date of surgery in Florida. In sum, there is a complete absence of connection between Dr. Shoemaker and the forum state Arkansas. *See* Affidavit of Whitney Shoemaker, D.O. attached as Exhibit A.

WHEREFORE, for all the reasons stated above, Dr. Shoemaker respectfully contends that neither this Court, nor any other court in Arkansas, can maintain personal jurisdiction over her and she further respectfully prays that this matter be dismissed for the absence of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Dr. Shoemaker further prays that she be granted all fees, costs, attorneys' fees and other relief to which she may be granted under applicable Arkansas and federal law.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.

4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Telephone: (479) 464-5652
Facsimile: (479) 464-5680
kheffley@*mwlaw.com*

By /s/ L. Kyle Heffley
    L. Kyle Heffley
    Ark. Bar No. 96085

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which shall notify the following:

| | |
|---|---|
| Ray Baxter<br>James R. Baxter<br>THE BAXTER LAW FIRM<br>3115 Alcoa Road<br>Benton, AR 72015 | Brian A. Vandiver<br>Dylan J. Botteicher<br>COX, STERLING, MCCLURE &<br>VANDIVER, PLLC<br>8712 Counts Massie Road<br>North Little Rock, AR 72113 |
| George D. "Bucky" Ellis<br>126 N. Main Street<br>Benton, AR 72015 | R. Kenny McCulloch<br>BARBER LAW FIRM, PLLC<br>425 W. Capitol Ave,., Ste. 3400<br>Little Rock, AR 72201 |
| Ed Lowther<br>Jessica Pruitt Koehler<br>WRIGHT, LINDSEY & JENNINGS<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, AR 72201-3699 | Andy Turner<br>TURNER LAW FIRM<br>Post Office Box 1225<br>Cabot, AR 72023 |
| Paul Decailly<br>DECAILLY LAW GROUP, P.A.<br>P.O. Box 490<br>Indian Rocks Beach, FL 33785 | |

/s/ L. Kyle Heffley