IN THE UNITED STATES DISTRICT COURT OF ARKANSAS
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JERRI PLUMMER

                                                                                                                                      PLAINTIFF

VS.                         CASE NO.: 4:18-CV-63-JM

RHETT MCSWEENEY; DAVID LANGEVIN;
MCSWEENEY LANGEVIN, LLC; WHITNEY
SHOEMAKER, D.O; WOMEN'S HEALTH AND
SURGERY CENTER, LLC; PLAINTIFF FUNDING
HOLDING, INC., D/B/A LAWCASH; VINCENT
CHHABRA; MICHAEL CHHABRA;
LAWFIRM HEADQUARTERS, LLC; SURGICAL
ASSISTANCE, INC.; WESLEY BLAKE BARBER;
KASIA OSADZINKA, M.D.; BOSTON SCIENTIFIC
CORPORATION; ALPHA LAW, LLP; RICHARD
MARTINDALE; AND JOHN DOES 1-99                     DEFENDANTS

## SURGICAL ASSISTANTS, INC. AND WESLEY BLAKE BARBER'S MOTION FOR RELIEF FROM STAY AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, Surgical Assistants, Inc. ("Surgical Assistants") and Wesley Blake Barber ("Barber"), through the undersigned counsel, hereby file this *Motion for Relief from Stay and to Dismiss for Lack of Personal Jurisdiction* and in support state as follows:

1.     This Court entered a stay of proceedings on October 10, 2018. [DE 88].

2.     Defendants' local counsel filed a Motion to Withdraw as Counsel [DE 89].

3.     But for the stay, Defendants would have filed this Motion to Dismiss for Lack of Personal Jurisdiction; and request stay relief for the Motion to be heard prior to being required to hire new local counsel to preside over this stayed action.

THE D'APUZZO LAW FIRM, 2755 E. OAKLAND PARK BLVD, STE. 303 FT LAUDERDALE, FL 33306 TEL. (954) 507-4074 FAX (954) 507-4076

4. Surgical Assistants and Barber filed an Amended Answer denying all claims against them, and specifically raising the defense of lack of personal jurisdiction. [DE 33, ¶ 28, 115].[1]

5. Barber is a resident of Florida and was the Director of Surgical Assistants from approximately August, 2014 through February, 2017.

6. Surgical Assistants was a company with its principal place of business in Florida and was dissolved on February 2, 2017.

7. The medical removal procedure performed on the Plaintiff in December, 2014 occurred in Florida.

8. Surgical Assistants and Barber are one of several Defendants in this case allegedly engaged in a broad, conspiratorial scheme revolving around the Plaintiff's medical procedure. The specific causes of action alleged against Surgical Assistants and Barber include constructive fraud and civil conspiracy.

9. Plaintiff's claims against Surgical Assistants and Barber are subject to dismissal for lack of personal jurisdiction.

10. Barber does not have minimum contacts with Arkansas sufficient to satisfy the requirements of due process. Barber was merely the director of a Florida corporation. Even assuming all of the Plaintiff's causes of action are true, as the Court must in a Rule 12 posture, the alleged fraud, breach of fiduciary duty, deceptive trade practices, medical negligence, unjust enrichment and conspiracy all occurred in Florida. The Plaintiff alleges no other contacts Barber or Surgical Assistants had with the state of Arkansas.

11. Nor can this cannot extend personal jurisdiction over Surgical Assistants and Baber in accordance with Arkansas' long-arm statute, which simply extends personal jurisdiction to the

---

[1] Defendants also raised the defense of lack of jurisdiction in their original Answer to Complaint. [DE 18, ¶ 30, 121].

maximum extent permitted by due process. Ark. Code Ann. §16-4-101 (2010 Repl.). The nature, quality and quantity of Barber or Surgical Assistants' contacts are either non-existent or of such character that they cannot meet the test for minimum contacts under due process. All the alleged civil wrongs took place in Florida. Any damages suffered by the Plaintiff occurred in Florida. Neither Barber or Surgical Assistants advertise their services in Arkansas. Never have either conducted business of any kind in Arkansas. In fact, Barber has never even been to Arkansas. There is no suggestion that Barber or Surgical Assistants and the Plaintiff engaged in communication in Arkansas. In sum, there is a complete absence of connection between Barber and Surgical Assistants and the forum state Arkansas. *See* Declaration of Wesley Blake Barber, attached as Exhibit "A."

    WHEREFORE, for the reasons stated herein, Defendants, Surgical Assistants, Inc. and Wesley Blake Barber, respectfully contend that this Court cannot maintain personal jurisdiction over them and respectfully request that the stay in this matter be lifted to entertain their Motion to Dismiss and that this matter be dismissed for the absence of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Defendants, Surgical Assistants, Inc. and Wesley Blake Barber further request that they be granted all fees, costs, attorneys' fees and other relief to which they may be granted under applicable Arkansas and federal law.

> Respectfully submitted,
>
> */s/ T. D'Apuzzo*
> Theodore D'Apuzzo
> FL Bar No.: 0073018
> Attorney for Defendants Surgical Assistants, Inc.
> And Wesley Blake Barber
> The D'Apuzzo Law Firm
> 2755 E. Oakland Park Blvd, Suite 303
> Fort Lauderdale, FL 33306
> Telephone: (954) 507-4074 / Fax: (954) 507-4076
> E-Mail: ted@dapuzzolaw.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on March 8, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

| | |
|---|---|
| Ray Baxter, Esq.<br>James R. Baxter, Esq.<br>The Baxter Law Firm<br>3115 Alcoa Road<br>Benton, AR 72015<br>raybaxterpa@gmail.com | L. Kyle Heffley, Esq.<br>Mitchell, Williams, Selig, Gates &<br>Woodyard, P.L.L.C.<br>5414 Pinnacle Point Drive, Suite 500<br>Rogers, Arkansas 72758<br>kheffley@mwlaw.com |
| George D. "Bucky" Ellis, Esq.<br>126 N. Main Street<br>Benton, AR 72015<br>gellisinbenton@swbell.net | Brian A. Vandiver, Esq.<br>Dylan J. Botteicher, Esq.<br>Cox, Sterling, McClure & Vandiver, PLLC<br>8712 Counts Massie Road<br>North Little Rock, AR 72113<br>bavandiver@csmfirm.com |
| Edwin L. Lowther, Jr., Esq.<br>Jessica Pruitt Koehler<br>Wright, Lindsey & Jennings LLP<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, AR 72201-3699<br>elowther@wlj.com | Robert F. Tom, Esq.<br>Baker, Donelson, Bearman, Caldwell &<br>Berkowitz, P.C.<br>165 Madison Ave., Suite 2000<br>Memphis, TN 38103<br>rtom@bakerdonelson.com |
| R. Kenny McCulloch, Esq.<br>Barber Law Firm PLLC<br>425 West Capitol Avenue, Suite 3400<br>Little Rock, AR 72201-3483<br>rkmcculloch@barberlawfirm.com | Andy Lee Turner, Esq.<br>Turner Law Firm, PA<br>PO Box 1225<br>Cabot, AR 72023<br>andy@turnerlawrimpa.com |

      By:    */s/ T. D'Apuzzo*
                Theodore D'Apuzzo, Esq.